1

2

3

4

5

6

7

8                   UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    MAURICE DI AUNDRA ROGERS,              No.  2:22-cv-0403 CKD P

12                Plaintiff,

13         v.                                ORDER

14    GISELLE MATTESON,

15                Defendant.

16

17         Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. §

18    1983 against an employee of the California Department of Corrections and Rehabilitation.  This

19    proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

20         Plaintiff requests leave to proceed in forma pauperis.  As plaintiff has submitted a

21    declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted.

22    Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

23    1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the

24    initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.

25    Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding

26    month's income credited to plaintiff's prison trust account.  These payments will be forwarded by

27    the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

28    exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

1

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

The court has reviewed plaintiff's complaint and finds that it fails to state a claim upon which relief can be granted under federal law.  Plaintiff's complaint must be dismissed.  The court will, however, grant leave to file an amended complaint, and provides the following information for plaintiff's consideration.

There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Plaintiff alleges that "legal mail" was opened outside of his presence, and plaintiff seeks to hold the Warden (defendant) at plaintiff's prison liable for that.  In his amended complaint, plaintiff must allege in specific terms how defendant was involved in the opening of his legal mail outside his presence.

Further, plaintiff is advised that under 42 U.S.C. § 1997e(a) "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  Plaintiff's complaint is dismissed.

4.  Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket

1   number assigned this case and must be labeled "Amended Complaint."  Failure to file an

2   amended complaint in accordance with this order will result in a recommendation that this action

3   be dismissed.

4   Dated:  March 15, 2022

5                                               _____
                                                CAROLYN K. DELANEY
6                                               UNITED STATES MAGISTRATE JUDGE

7

8

9   1
    roge0403.14

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4