UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE DI AUNDRA ROGERS,<br><br>Plaintiff,<br><br>v.<br><br>GISELLE MATTESON, et al.<br><br>Defendants. | No.  2:22-cv-0403 CKD P<br><br><br><br>ORDER |

      Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983.  On April 11, 2022, the court screened plaintiff's complaint as the court is required to do under 28 U.S.C. § 1915A.  The court dismissed plaintiff's complaint with leave to file an amended complaint.  Plaintiff has filed an amended complaint which the court now screens.

      The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

      Having conducted the required screening, the court finds that plaintiff may proceed on a claim arising under the First Amendment against defendant Ray Smith as detailed in claim I of plaintiff's amended complaint.  In all other respects, the amended complaint does not state actionable claims.  At this point, plaintiff has two options:  1) proceed on the claim identified

above; or 2) attempt to cure the deficiencies in plaintiff's amended complaint in a second amended complaint. In considering whether to amend a second time, the court advises plaintiff as follows:

    1. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

    2. In general, plaintiff's allegations should not be vague or conclusory. Plaintiff must point to specific acts in order to establish an actionable claim.

    3. Prisoner legal mail related to civil actions is not entitled to Sixth Amendment protection. <u>Turner v. Rogers</u>, 564 U.S. 431, 441 (2011).

    In accordance with the above, IT IS HEREBY ORDERED that plaintiff is granted 21 days within which to complete and return the attached form notifying the court whether he wants to proceed on a claim arising under the First Amendment against defendant Ray Smith or whether he wishes to file a second amended complaint in an attempt to cure the deficiencies in his amended complaint. If plaintiff does not return the form, this action will proceed on the claim described above.

Dated: October 12, 2022

_/s/ Carolyn K. Delaney_
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
roge0403.op

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE DI AUNDRA ROGERS, | No.  2:22-cv-0403 CKD P |
| Plaintiff, | |
| v. | PLAINTIFF'S NOTICE OF |
| GISELLE MATTESON, et al., | HOW TO PROCEED |
| Defendants. | |

Check **one**:

\_\_\_\_\_ Plaintiff wants to proceed immediately on a claim arising under the First Amendment against defendant Ray Smith; or

\_\_\_\_\_ Plaintiff wants time to file an second amended complaint.

DATED:

Plaintiff's Signature

3